IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SAFYA YASSIN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 6:19-CV-03158-MDH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Movant Safya Yassin's pro se Amended Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 7). Movant's pro se motion raises several claims. The Court conducted a hearing on the pending motion and counsel for Movant stated for purposes of the hearing that Movant wished to pursue the following claims: 1) her counsel's alleged failure to file an appeal and 2) her counsel's alleged failure to inform her of the restitution order. The Government has filed a response in opposition to Movant's motion (Doc. 14) and Movant has filed a Reply. On July 16, 2020, the Court conducted a hearing and heard evidence on Movant's claims. For the reasons set forth herein, Movant's Motion to Vacate is denied.

## BACKGROUND

On July 19, 2016, a grand jury in the Western District of Missouri returned a superseding indictment charging Yassin with two counts of making interstate threatening communications, in violation of 18 U.S.C. §§ 875(c) and 2.

Movant plead guilty to two violations of federal law. Movant waived her constitutional rights to a jury trial and waived her right to appeal or collaterally attack her sentence except for claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal

1

sentence.  Movant represented that her guilty plea was freely and voluntarily tendered, not the result of any threats or promises, and that she was satisfied with defense counsel's performance. Movant signed and executed the agreement on February 28, 2019.  At the change of plea hearing, Movant testified under oath that she had read and discussed the plea agreement, paragraph by paragraph, with her attorney, and understood the provisions; that she was satisfied with defense counsel's service; that she was mentally competent to plead guilty; and that no threats or promises, outside of the promises in the agreement, had been made to induce a guilty plea.  Movant further testified she understood the charges and the statutory range of punishment. Movant was subsequently sentenced to an aggregate sentence of 108 months' imprisonment.  Movant did not appeal.

Movant has filed the pending motion seeking to vacate her conviction and sentence, alleging numerous grounds of ineffective assistance of counsel and substantive errors. The Government does not dispute that the motion is timely under 28 U.S.C. § 2255(f)(1).

## STANDARD

A prisoner may move for the court to vacate, set aside, or correct the sentence imposed on the prisoner by alleging "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255.  A claim of ineffective assistance of counsel may be sufficient to attack a sentence under section 2255; however, the "movant faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

In such cases, the court must scrutinize the ineffective assistance of counsel claim under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.*  Under *Strickland*, a

prevailing defendant must prove "both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). As to the "deficiency" prong, the defendant must show that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Id.* (quoting *Hayes v. Lockhart*, 766 F.2d 1247, 1251 (8th Cir.)). Courts are highly deferential to the decisions of counsel and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A reviewing court must look at the circumstances as they appeared to counsel at the time of the proceeding and should rarely second-guess an attorney's tactics or strategic decisions. *Lacher v. United States*, No. 05-3175-CV-S-RED, 2006 WL 744278 (W.D. Mo. Mar. 23, 2006). As to the "prejudice" prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cheek*, 858 F.2d at 1336 (quoting *Strickland*, 466 U.S. at 694).

## ANALYSIS

### The Appeal Claim

Plaintiff first alleges her attorney failed to file an appeal on her behalf. After hearing testimony from both Lewis and Movant the Court finds Lewis' testimony credible regarding his conversations with Movant about her appeal. The Court further finds the credibility of Lewis' testimony is bolstered by the letter he sent to Movant forwarding her a copy of the judgment and commitment. Movant testified she never received the letter, however she acknowledged she received a copy of the judgment and commitment which would have been referenced and enclosed with the letter and sent to her in the same mailing. Lewis testified the letter he sent to Movant

3

would have confirmed their discussions regarding an appeal and that he would not be filing a Notice of Appeal unless she specifically requested that he do so within the 14 day period.

The Court acknowledges the jail's visitor log records contain no record of the meeting between Lewis and Movant at the jail. However, Lewis testified he met with Movant at the jail. Lewis testified he does not always sign in on the log each time he visits the jail and that sometimes he just yells up to the jailors that he is meeting with clients, especially when meeting with multiple clients on the same day which he often does. While the testimony regarding the informality of the record keeping of the jail's visitor log is not ideal, Lewis's testimony regarding his visits with his clients, including the Movant in this case, is not implausible and reasonably explains the absence of a visitor log entry.

Finally, the Court has also considered Movant's testimony. Movant testified that she asked Lewis about an appeal immediately after she was sentenced and while still seated at the table in the court room. She acknowledged Lewis advised her that in his professional opinion she had no grounds to file an appeal. She further acknowledged she did not herself reiterate a desire to appeal after that response. Movant testified that other than that one time at the counsel table immediately following her sentence she did not make any further inquiry or follow up with Lewis regarding an appeal. Movant is articulate and appeared knowledgeable regarding her plea agreement and sentence. The Court does not find it credible that she desired to appeal her sentence when she did not follow up with her attorney during their subsequent meeting either on the day of sentencing, the meeting later visit at the jail, or through any other correspondence or communication. The Court finds Movant's testimony less credible and unlikely. Movant waited until at least a year later when she filed a *pro se* motion to raise the issue of an appeal that she testified to the Court she wanted to raise after her sentence.

4

Wherefore, after considering all the evidence and testimony before the Court, the Court finds the testimony does not support that Movant requested that Lewis appeal her sentence. Under the circumstances, the Court finds Defendant has not met the burden under *Strickland*, and as a result, Movant's claim is denied.

**The Restitution Claim**

The Court ordered Movant to pay restitution of $20,034.91. Crim. Doc. 128, p. 1 (restitution judgment). Movant challenges this order as follows: "Ground Twenty-One: Counsel was ineffective for not arguing at the sentencing stage or informing [Movant] of the restitution judgement in her case." Doc. 7, p. 15 (amended motion). Again, to prevail on this claim, Movant must show that her attorney's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (*Strickland* standard applies to the performance of plea counsel; in order to demonstrate prejudice, Movant must show "a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial").

The plea agreement contains this language: "The Court may order restitution to the victims of the offense to which the defendant is pleading guilty." Crim. Doc. 120, p. 10, ¶ 16(a). Before accepting Movant's guilty plea, the Court advised her that she "can be ordered to make restitution[.]" Crim. Doc. 135, p. 7 (transcript of change-of-plea hearing).

At the sentencing hearing, Movant's attorney stated: "I did not object to restitution. If there's restitution to be had, Safya will gladly pay it. I did have concerns about what [amount] is provable." Doc. 136, p. 46 (transcript of sentencing hearing). The Court then advised Movant as follows:

> I do intend to impose restitution, the amount of which will be determined after submissions by the government of a proposed restitution judgment with supporting

5

> documents. The defendant will be afforded an opportunity to challenge the amount of restitution through briefing or otherwise if they believe it's incorrect.
>
> For the record, the government has asked for restitution in the amount of $20,034.91 [the exact amount eventually ordered]. I do want information not just about the cost that these victims have incurred – because I do think they're entitled to restitution – but if someone else has ordered and paid toward that amount, I think I should know that.

Doc. 136, pp. 57-58 (transcript of sentencing hearing).

Movant voiced no objection to paying restitution in an amount to be determined after sentencing, nor did she object to her attorney's handling of the restitution issue -- until she filed this § 2255 case. Under the circumstances, the Court finds that Movant cannot show prejudice under the *Strickland/Hill* standard regarding the restitution she was ordered to pay. In other words, Movant cannot show that her attorney's performance on the issue of restitution affected her decision to plead guilty.

### The Remaining Claims

By pleading guilty, Movant waived her right to raise in this § 2255 case claims unrelated to "(1) ineffective assistance of counsel; or (2) prosecutorial misconduct." Crim. Doc. 120, p. 10, ¶ 15(a) (plea agreement). In addition to the claims discussed above, Movant claims she was further denied effective legal assistance when her attorney failed to explain the elements of the crimes charged, order a psychological evaluation, move to suppress evidence obtained during an FBI interview, allow her sufficient time to review the plea agreement, raise a multitude of objections at sentencing (e.g., "dispute errors of fact and law in the presentence report"), present an "aggressive defense," and present a speedy-trial defense. Doc. 7, pp. 12-13, 15 (amended motion, grounds 2-4, 10, 20, 22-23). These claims are either too vague to warrant further consideration or disproved by the record. See Crim. Doc. 135, p. 14 (transcript of change-of-plea hearing at which the Court found,

6

based on Movant's testimony, that she had received "full, competent and capable services and advice of legal counsel"); *United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008) (guilty plea "is a solemn act not to be disregarded because of belated misgivings about its wisdom")  (citations omitted). Movant is entitled to no relief based on the ineffective-assistance claims identified above.

Finally, none of Movant's remaining claims involve an allegation of ineffective assistance of counsel or prosecutorial misconduct.  See Doc. 7, pp. 12-15  (amended motion, grounds 5-9, 11-19).  Therefore, by pleading guilty, Movant waived consideration of these claims.

## DECISION

For the reasons set forth herein, Movant's Motion is **DENIED** in it is entirety.  Finally, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2) (certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right"). The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: October 7, 2020

*/s/ Douglas Harpool*
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE